# Lynch *v.* Lynch, Appellant.

*Ejectment—Finality of action—Pending action—Acts of May* 8, 1901, *P. L.* 142, *and April* 23, 1903, *P. L.* 293.

The Acts of May 8, 1901, P. L. 142, and April 23, 1903, P. L. 293, making one verdict and judgment in a legal ejectment final and conclusive, do not apply to an action of ejectment begun on February 19, 1889, and in which final judgment was entered on September 18, 1903.

Argued April 15, 1908. Appeal, No. 47, Jan. T., 1908, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1903, No. 938, on verdict for plaintiff in case of Edward A. Lynch v. Sarah A. Lynch. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Ejectment for land in Pittston township.   Before HAL-
SEY, J.

At the trial a verdict was rendered in favor of the plaintiff.

On a rule for a new trial HALSEY, J., filed the following
opinion :

This is an action of ejectment brought by the plaintiff to re-
cover an undivided one-fourth interest in a piece of land in the
township of Pittston, this county, containing 527 acres and
122 perches, being parts of three respective tracts of land in
the warrantee names of Jesse Fell, Jonathan Hancock and
David Young.   The action has been pending in this court
since February 19, 1889.   It has been on appeal in the Supreme
Court.   It has been heard upon motion for a new trial in this
court and it is now here in this action brought by the plaintiff
against the defendant upon a writ that issued on Septem-
ber 15, 1903.

In trying the action, we were governed by the lines marked
by the several respective courts in the prior trials of the same
issue in such courts.   The reasons alleged for a new trial are
almost entirely those that have been contended for by the
defendant in the trials of the action heretofore.   The
one exception is as to whether or not the plaintiff was not
concluded by a former verdict in this case on December 13,
1902, upon which judgment was entered on September 18,
1903.

Under an Act of assembly approved on May 8, 1901, P. L.
142, the first section of this act provides, that where one ver-
dict shall in any writ of ejectment between the same parties
be given for plaintiff or defendant and judgment entered
thereon, no new ejectment shall be brought, but such verdict
and judgment thereon shall be final and conclusive and bar
the right.   Sec. 3 of the same act provides : " Nothing in this
act shall be construed so as to apply to any writ or writs of
ejectment now pending."   In explanation of the proviso of
this Act, the legislature on April 23, 1903, P. L. 293, amended
sec. 3 of the act of 1901, by enacting that nothing in this act
shall be construed to apply to lands or tenements as to which
any writ or writs of ejectment were pending· and final judg-
ment not entered at the time of the approval of the act thereby

amended.  As we have seen, the act was approved on May 8, 1901.

We cannot conclude that the acts of May 8, 1901 and April 23, 1903, apply to these actions.  It is our conclusion that they are excepted by the said two respective acts out of the applicability of the first section of the act of May 8, 1901. The original act was approved on May 8, 1901.  The action in No. 416, February Term, 1898, was begun on February 3, 1898, and no final judgment was entered in that case until September 18, 1903.  The act of April 23, 1903, specifically excludes the operation of the act of May 8, 1901, as to all cases in which any writ or writs of ejectment were pending and final judgment not entered at the time of the approval of the act hereby amended.  The act was approved on May 8, 1901, the amended act approved April 23, 1903, and final judgment was not entered until September 18, 1903.  By exact application of the two respective acts to the facts of this case, the act of May 8, 1901, does not apply.  It is our judgment that it does not apply under the ruling of the Supreme Court in the case of Neeld, Appellant, v. Cunningham, 216 Pa. 523.

Rule discharged.

*Errors assigned* were various rulings on the instructions.

*A. Ricketts*, for appellant.

*James L. Lenahan*, with him *John T. Lenahan*, for appellee.

Per Curiam, May 18, 1908:
Judgment affirmed on the opinion of the court below refusing a new trial.